JOURNAL ENTRY AND OPINION
{¶ 1} The appellants, Robert and Claire Stancik, appeal from the judgment of the Cuyahoga County Court of Common Pleas, which confirmed the sale of the appellants' home through foreclosure proceedings.
{¶ 2} On October 12, 1999, the appellee, Old Kent Mortgage Company ("Old Kent"), filed a foreclosure action against the appellants. The complaint asserted that the appellants borrowed $243,000 from the appellee, executing a promissory note and first mortgage on their property. By reason of default under the terms of the note and mortgage, Old Kent was declaring the note due and seeking judgment on the note and foreclosure of the mortgage. On July 10, 2000, the lower court granted summary judgment in favor of Old Kent in the amount of $243,000, plus interest at the rate of 9.75 percent per annum.
{¶ 3} On August 7, 2000, a sheriff's appraisal in the amount of $220,000 was filed. Due to additional court proceedings, including bankruptcy protection hearings, the foreclosure sale was delayed until July 2, 2001 at which time Old Kent purchased the property for $210,000. The appellants filed an Objection to the Sale and Appraisal wherein the lower court conducted an evidentiary hearing on the appellants' objections. Finally, on October 9, 2001, the lower court issued an Order confirming the sale of the property and adopting the Magistrate's decision.
{¶ 4} It is from this order that the appellants now appeal. For the following reasons, the decision of the lower court is hereby affirmed.
{¶ 5} The appellants present a single assignment of error for this court's review:
 {¶ 6} THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT OVERRULED APPELLANTS' OBJECTIONS AND CONFIRMED THE SHERIFF'S SALE DESPITE THE FACT THAT THE APPRAISAL FAILED TO COMPLY WITH THE ACTUAL VIEW REQUIREMENT OF R.C. 2329.17.
{¶ 7} The appellants contend that the sale is invalid based upon the failure of the appraisers to comply with the requirements of R.C.2923.17 that the property be appraised "upon actual view." R.C. 2923.17
requires the sheriff to "call an inquest of three disinterested freeholders, residents of the county where the lands taken in execution are situated, and administer to them an oath impartially to appraise the properties so levied upon, upon actual view. They forthwith shall return to such officer, under their hands, an estimate of the real value of the property in money."
{¶ 8} There is an abundance of case law in this state construing the phrase "upon actual view," however, that authority is inconsistent. The Second Appellate District, Montgomery County, summarized the conflicting authority in Glendale Federal Bank fka Glendale FederalSavings Loan v. Brown (1994), 1994 Ohio App. Lexis 157, stating:
 {¶ 9} In 1899, the Hamilton County Court of Insolvency ruled that an accurate appraisal of improved real estate could not be made without an interior inspection of the house sitting on it. "Where appraisers of improved real estate do not enter the building and make an examination of its interior, but inspect it from the outside only, a proper view of the property has not been made. The reason for this ruling * * * is that the character of the interior finish, fixtures, plumbing, etc., differ so widely that it is impossible to judge accurately what a building is worth by looking at the exterior only." In re Slane
(1899), 9 Ohio N.P. (N.S.) 830.
 {¶ 10} Other case law, however, suggests that an interior inspection may not always be necessary to an accurate appraisal. In St. Joseph Mortgage Co., Inc. v. Allison (Dec. 13, 1985), Columbiana App. No. 85-C-10, unreported, the court dealt with a case in which the trial court confirmed a sale of real property though "the evidence presented at the hearing clearly indicated that the appraisers, who were appointed by the sheriff, did not view the inside of the premises." Id. at 4. The property had been boarded up and the appraisers were only able to look at the inside of the house through some of the windows. One of the sheriff's appraisers testified at the hearing that "in his opinion, the location of the premises was a deterrent to enhancement of value * * * regardless of interior improvements." Id. The court of appeals for Columbiana County held that the trial court did not abuse its discretion in confirming the sale, though the sheriff's appraisal figure was considerably lower than some other appraisal figures the appellant had.
{¶ 11} To the extent the appraisers' failure to view the inside of the premises is a deviation from the terms of R.C. 2329.17, the authority suggests the sale be set aside only when the condition of the house may have an impact on the value of the real estate. To prevail, the appellant must show that he was prejudiced by the alleged failure of the appraisers to enter the house on the property at issue and view the interior before appraising the property. See Leader Mortgage Co. v. Logan (1998), 1998 Ohio App. Lexis 4678.
{¶ 12} In the case at hand, the sheriff's appraisal returned a value of $220,000 on the appellants' property, and the property sold at sheriff's sale for $210,000. Likewise, at the evidentiary hearing on the appellants' objection to the appraisal, the appellant, Robert Stancik, testified that the property was worth between $200,000.00 and $210,000.00. Accordingly, in order to prevail, the appellants must show that they were prejudiced by the failure of the appraisers to enter the house and view the interior before appraising the property.
{¶ 13} In reviewing the record, there is no evidence which would lead this court to believe that the condition of the interior of the house would have had any impact on the value of the property. The sheriff's appraisal and appellant Stancik's valuation practically mirrored one another. Most notably, the appellant concedes the value of the property to be between $200,000 and $210,000, and the sheriff's sale garnered the higher end of the valuation.
{¶ 14} This court concedes that the preferred method of appraisal under R.C. 2329.17 would have three appraisers enter the building to view the interior, however, such an opportunity is not always present. Nevertheless, it is readily apparent from the record that the appellants were not prejudiced by the appraisers' failure to strictly comply with R.C. 2329.17. The sale price of the property in question closely mirrored both the appraised value and the appellants' lay opinion as to the value of the property.
{¶ 15} As such, and because the record fails to demonstrate any prejudice necessary to invalidate the sale as not being in conformance with the requirements of R.C. 2329.17, the appellants' sole assignment of error is overruled, and the judgment of the lower court is hereby affirmed.
It is ordered that appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND JAMES J. SWEENEY, J., CONCUR.